UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNA MARIE CARMEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 04-4086 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is now before the Court on Plaintiff, Anna Marie Carmean's ("Carmean"), Motion for Attorney's Fees [#15] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as a result of this Court's previous order reversing and remanding this matter so that the ALJ could review this case and make a specific record regarding the requirement of a sit/stand option and the impact of that requirement on both Carmean's past relevant work and other work in the national economy pursuant to sentence four of 42 U.S.C. § 405(g).  The Commissioner has informed the Court that she opposes Carmean's Motion for Attorney's Fees.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Here, the issue is not whether Carmean is a prevailing party, but rather whether the position of the Commissioner was substantially justified.  The

Commissioner's position is substantially justified if: (1) there is a rational basis for the facts alleged; (2) there is a rational basis for the legal theory; and (3) there is a rational connection between the facts alleged and the legal theory.  United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000).  In other words, the Commissioner's position could be incorrect and still be considered substantially justified if it is justified to a degree that would satisfy a reasonable person.  Pierce v. Underwood, 487 U.S. 552, 555-56, 108 S.Ct. 2541 (1988).

Here, in reversing and remanding this case, the Court found that the ALJ's hypothetical question upon which the VE's opinions were based was not sufficiently clear to ensure that the necessity of a sit/stand option was considered in evaluating Carmean's past relevant work and other work in the national economy.  The Court did not find that the ALJ was necessarily incorrect or that he had applied the wrong law.  The Seventh Circuit has held:

> The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible. . . . That the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified. "Substantially justified" does not mean "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute," or if reasonable people could differ as to the appropriateness of the contested action.

Stein v. Sullivan, 966 F.2d 317, 319-20 (7th Cir. 1992) (internal citations omitted).  The Court of Appeals then went on to conclude that where there was evidence supporting the Commissioner's position, as well as contrary evidence that the Commissioner failed to consider or at least articulate that he considered, a genuine dispute exists, and it is not error to find that the Commissioner's position was substantially justified.  Id. at 320.

The Court finds the result in Stein to be fully applicable and controlling to this case. Like the facts in Stein, the record now before the Court contains evidence that both supports and is contrary to the ALJ's conclusions, presenting a genuine dispute. In fact, it is possible that the ALJ could reach the same conclusion on remand, provided that he pose a clear hypothetical and explain the basis of his ruling more thoroughly. Accordingly, the Court cannot find that the Commissioner's position was not substantially justified, and Carmean's motion for an award of fees must be denied.

## CONCLUSION

For the reasons set forth above, Carmean's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [#15] is DENIED.

ENTERED this 27th day of April, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge